Jack Hain, in pro per, plaintiff
49 Hancock Street
San Francisco, CA 94114
Telephone: 831-227-4589

DEC -5 AM IU: L:

CLERK, U.S. DISTRICT COURT
NTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## for the
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Jack Hain, | ) |
|               Plaintiff | ) |
| | )   Civil Action No. C-08-3747 EMC |
|      v. | ) |
| | )   STIPULATION FOR FILING OF |
| United States Department of the Navy, | )   FIRST AMENDED COMPLAINT ; ORDER |
|           Defendant | ) |
| | ) |

Jack Hain, the plaintiff in this action, and United States Department of the Navy,
defendant stipulate and consent in writing within the meaning of Rule 15(a) of the
Federal Rules of Civil Procedure that Plaintiff, Jack Hain may file the First Amended
Complaint in this action that is attached to this stipulation as EXHIBIT A.

Dated: _12/4/08_                               
                                   Jack Hain, plaintiff, in pro per

Dated: _12/3/08_

                                 Edward A. Olsen, Assistant United States Attorney,
                                 Attorney for Defendant

SO ORDERED

Dated: _12/10/08_

                                 Edward M. Chen
                                 United States Magistrate Judge

# EXHIBIT A

Jack Hain, in pro per, plaintiff
CSBN 104149
49 Hancock Street
San Francisco, CA 94114
Telephone: 831-227-4589

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| Jack Hain | ) | |
|         Plaintiff | ) | |
| | ) | Civil Action No. C-08-3747 EMC |
|     v. | ) | |
| | ) | FIRST AMENDED COMPLAINT |
| United States | ) | |
|         Defendant | ) | |
| | ) | |
| | ) | |
| | ) | |

## CLAIM FOR NEGLIGENCE

1.      This action arises under the United States Constitution; Article I, section 8, clause 17, which, provides that the Federal Government shall have exclusive legislative jurisdiction over all places acquired by the Government, with the consent of the State involved, for Federal works.

2.      Venue is proper in this district because the acts in question which give rise to this law suit arise in this district.

3.      A Federal Tort Claim for damages was filed with regard to this matter and was denied by the United States Department of the Navy on July 31, 2008.

4.      Plaintiff has been renting an art studio at the United States Naval Shipyard at Hunters Point, San Francisco, California (hereinafter known as HPNS) as a subtenant of the defendant since February, 2007.

5.      On November 8, 2007, plaintiff went to Building 101 at HPNS to visit an office leased by defendant to a tenant in the business of subletting building space for art studios.

6.      After the above-described business visit, plaintiff drove his vehicle in a safe and prudent manner on the paved area adjoining Building 101 in order to return to his art studio.

7.      At the above-described time and place, the defendant owned and controlled the subject paved area and had a duty to maintain it in a safe condition.

8.      At the above-described time and place, defendant negligently failed to properly paint or mark certain tire stops and parking spaces or otherwise make the tire stops appropriately visible to motorists traveling to and from Building 101 across the subject paved area.

9.      Defendant knew or, in the exercise of reasonable care, should have known, that the above-described failure to make the tire stops appropriately visible to motorists constituted a dangerous condition and unreasonable risk of harm of which plaintiff was at all times mentioned herein unaware.

10.     Defendant negligently failed to take steps to make the condition safe or to warn plaintiff of the dangerous condition, all of which caused plaintiff's vehicle to strike and become damaged by an unmarked, defective and unmaintained concrete tire stop.

11.     The defendant and its employees had sufficient notice of the dangerousness of the above-described defective tire stop to repair it prior to the time of the accident.

12.     The cost to repair the above-described damage caused by the negligence of defendant's employees is $5,672.20.

## CLAIM FOR NEGLIGENT FAILURE TO WARN OF HAZARDOUS CONDITION

13.     Plaintiff re-alleges each and every allegation stated above.

14.     Defendant has a duty to warn users of its property of hazards which it knows, or in the exercise of due care, should have known, are present on its property.

15.     Defendant knew, or in the exercise of due care, should have known, that the above-described defective tire stop which caused damage to plaintiff's vehicle was a hazardous condition.

16.     In spite of that knowledge, defendant failed to warn plaintiff of the above-described hazardous tire stop

17.     Prior to the accident, authorized staff of defendant had decreased inspection and maintenance for the paved areas of HPNS to a level below that of an operational facility.

18.     Defendant knew, or in the exercise of due care, should have known, that safety hazards may result from this decrease in inspection and maintenance.

19.     In spite of that knowledge, defendant failed to warn plaintiff of the decreased level of inspection and maintenance which may cause safety hazards to exist.

20.     As a result of the above-described failures by the defendant, plaintiff's vehicle was damaged as described herein.

Therefore, the plaintiff demands judgment against defendant for $5,672.20, plus costs.

Date: November 25, 2008

Jack Hain, in pro per
49 Hancock Street
San Francisco, CA  94114
JHain@pacbell.net
831-227-4589